```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ADOLFO HUMBERTO ALMAZO VIDAL,                               :
                                                            :
                              Plaintiff,                    :
                                                            :                18-CV-8819 (VSB)
              -v-                                           :
                                                            :                OPINION & ORDER
THE DRAFT HOUSE LLC, et al.,                                :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2019

VERNON S. BRODERICK, United States District Judge:

On September 26, 2018, Plaintiff Adolfo Humberto Almazo Vidal filed this action against The Draft House LLC (d/b/a The Draft House), Maurizo Salierno, Luigi Ghidetti, and Fabrizio Pellizzon ("Defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law (the "NYLL").  (*See generally* Doc. 1.)  Plaintiff alleges various violations of the FLSA and NYLL including that Defendants failed to pay him certain minimum and overtime wages.  (*Id.*)

On December 3, 2018, the parties advised the Court that they had reached a settlement. (*See* Doc. 31.)  However, parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  "A reasonable agreement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (internal quotation marks omitted).  Accordingly, I

directed the parties to submit a joint letter attaching their settlement agreement and explaining how the terms of their proposed settlement are fair and reasonable.  (*See* Doc. 32.)  In addition, I directed the parties to address the bases supporting any request for attorneys' fees and supply contemporaneous billing records for each attorney who worked on the case.  (*Id.*)

On December 12, 2018, the parties filed the joint letter, settlement agreement ("Settlement Agreement"), and billing records of Plaintiff's counsel.  (*See* Doc. 33.)  For the reasons stated below, I do not find the terms of the settlement to be fair, reasonable, and adequate and therefore do not approve the parties' Settlement Agreement.

**I.     Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (internal quotation marks omitted).

## II. <u>Discussion</u>

I have independently reviewed the Settlement Agreement and supporting submissions provided by the parties, (Doc. 33), to determine whether the terms of the Settlement Agreement are fair, reasonable, and adequate.  I do not find the Settlement Agreement to be fair and reasonable because the Settlement Agreement contains an overbroad release.  As a result of this finding, I do not separately consider in this Order whether the requested attorneys' fees are reasonable.

I will not approve the sweeping "Release and Covenant Not To Sue" provision in the proposed Settlement Agreement.  (*See* Settlement Agmt. § 3.)[1]  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'"  *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

---

[1] "Settlement Agmt." refers to the parties' proposed Settlement Agreement and Release.  (Doc. 33-1.)

3

The general release provision in the parties' Settlement Agreement is too broad to survive judicial scrutiny. Pursuant to the release provision, Plaintiff releases Defendants from:

> [A]ny and all charges, complaints, claims, causes of action, suits, debs, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants relating in any manner to his employment by or work for any of the Defendants, including, but not limited to, any and all claims asserted in . . . the [present] Litigation.

(Settlement Agmt. § 3.) This provision is overbroad: it requires Plaintiff to waive virtually any claim, of any type, against Defendants, or any related entity, that might relate to Plaintiff's employment with any Defendant. Although some Courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise.

Accordingly, this provision does not meet the standards for approval established by courts in this district. Therefore, I decline to assess the reasonableness of the settlement amount and attorneys' fees requested at this time.

4

### III. <u>Conclusion</u>

For the reasons stated above, I find that the parties' proposed Settlement Agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed Settlement Agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: May 28, 2019
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge