UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                 :
ADOLFO HUMBERTO ALMAZO VIDAL,    :
individually and on behalf of others similarly  :
situated,                                            :
                                                :         18-CV-8819 (VSB)
                             Plaintiff,    :
                                                :         **ORDER**
                 -v-                                :
                                                :
THE DRAFT HOUSE, et al.,                  :
                                                :
                            Defendants.  :
                                                :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/2020

<u>VERNON S. BRODERICK, United States District Judge</u>:

     I am in receipt of the parties' revised proposed settlement in this Fair Labor Standards Act ("FLSA") case, (Doc. 38), which they have submitted in response to my May 28, 2019 Order rejecting their previous proposed settlement agreement based on its inclusion of an overbroad release, (Doc. 37).

     Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Having reviewed the submissions and the supporting evidence, I find that the terms of the settlement agreement are fair, reasonable, and adequate and therefore approve the settlement agreement of the parties.

I.      **Discussion**

The parties' revised agreement complies with the parameters set forth in my May 28, 2019 Order and limits released claims to those at issue in this action; Plaintiff also covenants not to sue on any FLSA violations that accrued prior to the date the Agreement was executed. (Doc. 38.) Accordingly, I find the revised release to be fair and reasonable.

I now address the settlement amount and the reasonableness of the requested attorney's fees, which counsel addressed in their original submissions, (*see* Doc. 33).

A.      *Settlement Amount*

I first consider the settlement amount. The agreement provides for a settlement amount of $15,000, with $5,000 to be distributed in attorney's fees and costs, for a total distribution to Plaintiffs of $10,000. (Doc. 33.) Counsel represents that the maximum recovery for Plaintiff in this case would be $30,061.59. (Doc. 43, at 2.) While the settlement amount is therefore only a fraction of the total amount Plaintiffs claim could be recovered, the parties argue that this settlement is fair in light of the litigation risks particular to this case. For instance, Defendant disputes Plaintiff's allegations, including his hours worked, his pay received, and whether they provided the proper notices and statements. (*Id.*) If this defense were to succeed in this case, Plaintiffs would possibly receive no compensation for their claims. The parties' settlement agreement appears to have been the result of arm's-length negotiations. In addition, the potential costs of continued litigation militate in favor of settlement of this case; the parties settled before any substantial discovery was exchanged, allowing the parties to avoid the costs of discovery, motion practice, or an eventual trial. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the

settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.     *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement.  The attorney's fees and costs sought total $5,000, $613.00 of which are costs.  (*Id.* 3; Doc. 33-2.)  This amount represents one-third of the total settlement amount.  In support of this request, Plaintiffs' counsel has submitted its billing records and costs in this case, which total $4,488.  (Doc. 33-2.)  In addition, Plaintiffs' counsel represents that, per the terms of its retainer agreement, Plaintiffs agreed to a forty percent contingency fee at the outset of this litigation.

As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).  While this case is still at an early stage, Plaintiffs' counsel represents they have expended time on:  investigating and researching Plaintiffs' claims; beginning the process of obtaining default judgments against Defendants when they failed to timely appear; and negotiating and executing the settlement.  A one-third award in this case represents reasonable compensation for the work put into this case.  This conclusion is buttressed by the fact that the requested amount represents a lodestar multiplier of .90 based upon a total of 11.05 hours of work billed at the following rates:  $450 for attorney Michael Faillace, who performed 6.5 hours of work; $250 per hour for attorney Haleigh Amant, who performed 3.3 hours of work; and $100 per hour for a paralegal, who performed 1.25 hours of work.  (*See* Doc. 33, at 3; Doc. 33-2.)  *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014)

(noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."). Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

## II. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 11, 2020
New York, New York

Vernon S. Broderick
United States District Judge